IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IP CO., LLC<br><br>    *Plaintiff*,<br><br>        v.<br><br>CELLNET TECHNOLOGY, INC.,<br><br>    *Defendant*. | Misc. Civil Action No. 1:06-MC-00012 SLR<br><br>(N.D. Ga. Civil Action No. 1:05-CV-02658-CC) |

**THIRD-PARTY LANDIS+GYR INC.'S REPLY IN SUPPORT OF ITS MOTION
TO QUASH *SUBPOENA***

**I.    IPCO'S OPPOSITION ACQUIESCES TO L+G'S ARGUMENTS**

The failure to respond to an argument made to the court is properly deemed an acquiescence to the validity of that argument. *See Vitol v. Publicker Indus., Inc.*, Civ A. No. 85-6049, 1986 WL 8828, *6 (E.D. Pa. Aug. 13, 1986) ("In response to [defendant's] claim, [plaintiff]'s memorandum of law is silent. In light of the apparent soundness of [defendant]'s argument on this issue, I can only understand [plaintiff]'s silence as acquiescence."). IP Co., LLC's ("IPCO") Response in Opposition to Landis+Gyr Inc.'s ("L+G") Motion to Quash *Subpoena* fails to refute most of the fundamental arguments L+G made in its initial moving papers.

**A.    IPCO Does Not Dispute That Production of Documents in Delaware Constitutes An Undue Burden.**

IPCO makes no attempt to refute L+G's position that production in Delaware is inappropriate because neither the documents requested nor the persons having control

over those documents are located in Delaware. (Doyle Decl. ¶ 3.[1]) L+G's opening memorandum explained how, as a matter of law, a *subpoena* issued from and requiring production in a jurisdiction in which none of the documents are located constitutes an undue burden under Rule 45. FED. R. CIV. P. 45(c)(3)(A)(iv); *see also, e.g., Ariel v. Jones*, 693 F.2d 1058, 1060 (11th Cir. 1982). IPCO's Opposition never addresses this issue. Consequently, IPCO's *subpoena* must be quashed.

### B. IPCO Fails to Address the Unnecessary Breadth of its *Subpoena*.

As L+G explained in its Memorandum in Support of its Motion to Quash *Subpoena*, IPCO's *subpoena* violates the subject matter boundaries of the underlying litigation that IPCO itself drew. Under the Patent Local Rules in the Northern District of Georgia, IPCO served its Infringement Contentions, which require a detailed identification of the defendant's products allegedly infringing IPCO's patents. Patent L.R. (N.D. Ga.) 4.1. In this case, IPCO's Infringement Contentions identify only Cellnet's "Utilinet System," "InfiNet application," and "associated software" as the products accused of infringement. IPCO's *subpoena*, on the other hand, demands production of documents that ***in any way*** relate to "Cellnet Technology," defined as including not just the Utilinet and InfiNet products, but rather "***any other Cellnet system, component or product.***" (IPCO *Subpoena* to L+G at 2 (emphasis added); attached as Exhibit A to IPCO's Opposition). IPCO's definition of "Cellnet Technology" eschews any attempt to tailor its requests to relevant discovery boundaries.

---

[1] Citations to "Doyle Decl." in this Reply refer to the Declaration of Ellie A. Doyle in Support of Third-Party Landis+Gyr Inc.'s Motion to Quash *Subpoena*, filed concurrently with L+G's Motion to Quash *Subpoena*.

IPCO's Response in Opposition to L+G's Motion to Quash continues that trend by remaining silent on the issue of over-breadth altogether. The closest IPCO comes to addressing this deficiency is its assertion that it cannot obtain from Cellnet (an actual party to this litigation) the documents it seeks because, "Cellnet has refused to produce any information regarding any of its technology, *except one of its product lines*." (IPCO's Resp. Opp. Mot. Quash 2 n.2 (emphasis added).) Cellnet has not refused to produce any documents responsive to properly framed requests directed to documents that are relevant to the parties' claims or defenses or reasonably calculated to lead to the discovery of admissible evidence. *See* FED. R. CIV. P. 26(b)(1). On the other hand, IPCO's attempts to obtain from L+G documents relating to all Cellnet products, regardless of whether those products are even accused of infringement, are entirely improper. That IPCO fails to address this fact establishes that its *subpoena* is overbroad and unduly burdensome on its face.

## II.    IPCO'S *SUBPOENA* SERVED ON L+G ENCOMPASSES THE VERY SAME CATEGORIES OF DOCUMENTS SOUGHT FROM CELLNET

As L+G's counsel detailed for IPCO in a letter dated February 17, 2006, every single category of documents sought by IPCO's *subpoena* to L+G is encompassed by the Requests for Documents IPCO served on Cellnet. (Ex. A.[2]) Undaunted by this fact, IPCO bases its opposition to L+G's Motion to Quash on the notion that L+G must first bear the burden of gathering, reviewing and assessing the contents of each individual document potentially responsive to IPCO's *subpoena*. (IPCO Resp. Opp. Mot. Quash 1-

---

[2] References to Exhibits in this Reply refer to the Exhibits attached to the Declaration of Sean P. Hayes in Support of Third-Party Landis+Gyr Inc.'s Reply in Support of its Motion to Quash *Subpoena*, filed concurrently.

2.)  That is, according to IPCO, L+G bears the burden of determining, with specificity, what documents it possesses that, in fact, would be duplicative of Cellnet's production.

    Rule 26 provides that discovery should be limited if,

> (i) the discovery sought is ***unreasonably cumulative or duplicative***, or is ***obtainable from some other source that is more convenient, less burdensome, or less expensive***; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit.

FED. R. CIV. P. 26(b)(2).  Cellnet is the logical source of documents pertaining to Cellnet's accused products.  For that reason, L+G repeatedly suggested to IPCO that IPCO wait until Cellnet has concluded its production of documents before it determines what, if anything, remains of its "need" to burden L+G with the demands in its *subpoena*.  IPCO consistently rejected this suggestion.  Even assuming L+G has possession of some unique documents, until Cellnet completes its production of documents, however, it is impossible for L+G to know precisely which documents will be duplicative of those produced by Cellnet.

    At this early stage, L+G cannot predict exactly which documents Cellnet will produce.  Indeed, no party can ever predict that until all other document production in the case is completed.  Thus, actual duplication of responsive documents cannot be the only basis for protection against duplicative discovery, rather, Rule 26's protection must apply where duplicative ***requests*** are served.  In this case, IPCO has sought from Cellnet the very same ***categories*** of documents IPCO seeks from L+G.  For the Court's convenience, L+G attaches IPCO's Request for Documents from Cellnet as Exhibit E.  Furthermore, attached as Exhibit F is a chart comparing the requests served on L+G and the corresponding Request served on Cellnet.  The following excerpt from Exhibit F exemplifies the duplicative nature of IPCO's requests to L+G and Cellnet:

| **Documents Demanded by IPCO's** *Subpoena* **served on L+G** | **Corresponding Document Request Served by IPCO on Cellnet** |
|---|---|
| "5.     All documents that refer, reflect or relate to ***communications with Cellnet or any other party regarding IPCO***, the Civil Action, or any of IPCO's patents." | "38.    All documents that refer, reflect or relate to any ***communications between Cellnet and any other entity regarding IPCO***, the '516 patent, the '062 Patent, or this litigation." |

The similarity is striking and demonstrates that potentially *all* of the documents sought from L+G may be obtained from Cellnet.

Cellnet lodged proper objections to the entirety of 11 of IPCO's requests. Those requests, however, have nothing to do with L+G. Among the Requests to which Cellnet objected in their entirety was IPCO's Request demanding, "All documents that refer, reflect or relate to the substance of all expert witness evidence that you intend to present at trial . . . ." (Ex. E at 13.) The timetable for discovery of "expert witness evidence" is governed explicitly by the Patent Local Rules for the Northern District of Georgia and Federal Rule of Civil Procedure 26. IPCO's premature request is therefore plainly objectionable and has nothing to do with L+G. Similarly, Cellnet objected entirely to (i) other Requests demanding other documents the production of which is governed by the patent local rules, (ii) requests seeking documents plainly containing attorney work product, and (iii) documents relating to the sale, merger, or valuation of Cellnet predecessor entities as patently irrelevant. *See* Cellnet's Objections and Responses to IPCO's First Requests for Production of Documents. As Exhibit F demonstrates, the remaining thirty-four (34) requests entirely subsume the categories of documents sought from L+G.

### III. LANDIS+GYR HAS WORKED IN GOOD FAITH TO CONVINCE IPCO TO LIMIT ITS *SUBPOENA* TO THE PROPER SCOPE

On February 7 and 8, 2006, L+G's counsel conducted telephone conferences with IPCO's counsel in an attempt to resolve the issues L+G raised with IPCO's *subpoena*. (Graubart Decl. ¶ 3.[3]) Although those conversations did not totally resolve the areas of contention between the parties, L+G's counsel believed significant headway had been made.[4] Consequently, on February 9, 2006, L+G's counsel wrote to IPCO's counsel to confirm the contents of their earlier discussions and propose a framework for resolving the remaining area of dispute—the breadth and duplicative nature of the *subpoena*. (*See* Ex. C.)

Rather than work with L+G towards a further resolution of the dispute, IPCO chose instead to reverse course. L+G's Motion to Quash the IPCO *subpoena* raised three fundamental defects with IPCO's *subpoena*—(1) the jurisdiction in which it was issued and calls for production, (2) the lack of a protective order governing confidential information, and (3) the breadth and duplicative nature of IPCO's requests. On February 1, IPCO's counsel wrote to L+G's counsel stating, "IPCO is willing to allow L+G to

---

[3] Citations to "Graubart Decl." in this Reply refer to the Declaration of Noah C. Graubart in Support of Third-Party Landis+Gyr Inc.'s Reply in Support of its Motion to Quash *Subpoena*, filed concurrently.

[4] Throughout the numerous conferences and written communications between L+G and IPCO's counsel, in an effort to reach common ground, L+G offered IPCO several opportunities to postpone the deadline for IPCO's Opposition in order to allow for more time to facilitate an agreement.

produce the documents in Indiana, at a place and time agreeable to the parties."[5] (Ex. B.) This position was reiterated during counsel's telephone conferences of February 8 and 9, 2006.  (Graubart Decl. ¶ 4.)  Believing the issue had been resolved, L+G mentioned it in a letter to IPCO's counsel on February 9, 2006, in order to confirm their earlier discussions.  (Ex. C.)  The very next day, however, IPCO performed an "about face." Directly contradicting its earlier letter (as well as its position during conferences), IPCO suddenly characterized "IPCO's offer to travel to Indiana" as "one possible solution." (Ex. D.)  Good faith efforts to resolve this matter (including a third telephone conference on February 23, 2006) have been exhausted, and IPCO's inability to maintain a consistent position likely renders any further attempts futile.

Contrary to IPCO's assertions, L+G's Motion need not be withdrawn, as not all motions necessarily require a previous conference by the parties under Local Rule 7.1.1:

> [T]he Court will not entertain any ***non-dispositive motion***, except those motions brought by a person appearing *pro se* and those brought pursuant to Fed. R. Civ. P. 26(c) by a person who is not a party, unless counsel for the moving party files with the Court, at the time of filing the motion, a statement showing that the attorney making the motion has made a reasonable effort to reach agreement with the opposing attorneys on the matters set forth in the motion.

D. Del. L.R. 7.1.1 (emphasis added).

The instant motion will necessarily fix the obligations of L+G with respect to IPCO.  The current motion, therefore, is ***dispositive*** and is not governed by Local Rule

---

[5] Letter from J. Herman to N. Setty of February 1, 2006 (Ex. B.).  IPCO's Opposition claims that the offer was contingent on whether the "production would be voluminous." IPCO's Mem. Opp. Mot. Quash 3.  ***That assertion is demonstrably false.***  A copy of the letter is attached to IPCO's Opposition (as IPCO's Exhibit C) and it contains no such limitation.

7.1.1. Considering whether an order on a motion to remand to state court was dispositive or non-dispositive, the District of New Jersey explained, "[T]he Third Circuit's approach to the dispositive/nondispositive characterization problem," is one which, "examines the nature of the matter decided rather than looking solely at the literal language of the statute." *Campbell v. Int'l Business Machines*, 912 F.Supp. 116, 119 (D. N.J. 1996). Accordingly, the court noted that the Third Circuit has previously held an order to quash a *subpoena* was "dispositive because 'it determine[d] with finality the duties of the parties.'" *Id.* (quoting *N.L.R.B. v. Frazier*, 966 F.2d 812, 817 (3d Cir. 1992)); *see also Wedgewood Village Pharmacy, Inc. v. United States*, 421 F.3d 263, 268 (3d Cir. 2005) (holding an order refusing to quash an administrative warrant is "tantamount to a final order"). In *N.L.R.B. v. Frazier*, the Third Circuit explained that a proceeding to enforce a *subpoena* "is like a motion to dismiss; once the court grants a motion to dismiss or compels compliance with a *subpoena*, **the court disposes of the entire case before it.**" 966 F.2d at 817 (emphasis added). Equally, if the Court grants L+G's Motion to Quash, the Court will have ***disposed*** of the entire case before it. Local Rule 7.1.1, therefore is inapposite. D. Del. L.R. 7.1.1.

In any event, L+G and IPCO's counsel have held three telephone conferences, traded at least fourteen (14) letters and emails in good faith attempts to resolve this dispute, and each side has granted the other side extensions in the briefing schedule in hopes of allowing more time for the parties to come to an agreement. These efforts concluded on the date this Reply was filed with IPCO once again posturing rather than providing a lucid and/or meaningful response to L+G's proposal for resolution. (Ex. G-H.) IPCO's argument that L+G must withdraw its motion is therefore moot.

IV.     **CONCLUSION**

Not content to wait a reasonable time for Cellnet, an actual party to this litigation, to produce documents in response to IPCO's document requests, IPCO insists on harassing Cellnet's business ally.  IPCO's Response in Opposition to L+G's Motion to Quash fails to respond to several of the fundamental defects highlighted in L+G's Motion to Quash.  For that reason, and all of the other foregoing reasons, L+G respectfully requests the Court grant its motion and quash the *subpoena duces tecum* served on L+G by IPCO.

Dated:  March 6, 2006                       FISH & RICHARDSON P.C.


By:  */s/ Sean P. Hayes*
    Sean P. Hayes (ID No. 4413)
    919 N. Market Street, Suite 1100
    P.O. Box 1114
    Wilmington, DE 19899-1114
    Tel: 302-652-5070
    Fax: 302-652-0607
**ATTORNEYS FOR THIRD-PARTY LANDIS+GYR INC.**

Of Counsel:

Nagendra Setty
  Georgia Bar No. 636205
Daniel A. Kent
  Georgia Bar No. 415110
Christopher O. Green
  Georgia Bar No. 037617
Noah C. Graubart
  Georgia Bar No. 141862

FISH & RICHARDSON P.C.
1230 Peachtree Street, N.E.
19th Floor
Atlanta, Georgia 30309
Telephone: 404-892-5005
Facsimile: 404-892-5002

**ATTORNEYS FOR THIRD-PARTY LANDIS+GYR INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2006, I electronically filed THIRD-PARTY LANDIS+GYR INC.'S REPLY IN SUPPORT OF ITS MOTION TO QUASH *SUBPOENA* the with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following Delaware counsel.  In addition the filing will also be sent via hand delivery.

>Gary W. Lipkin, Esq.
>Duane Morris LLP
>1100 North Market Street
>Wilmington, DE 19801-1246

>*/s/ Sean P. Hayes*
>Sean P. Hayes