IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IP CO., LLC,<br><br>        *Plaintiff*,<br><br>    v.<br><br>CELLNET TECHNOLOGY, INC.,<br><br>        *Defendant*. | Misc. Civil Action No. 1:06-MC-00012 SLR<br><br>(N.D.Ga. Civil Action No. 1:05-CV-2658-CC) |

**DECLARATION OF SEAN P. HAYES IN SUPPORT OF THIRD-PARTY LANDIS+GYR INC.'S REPLY IN SUPPORT OF ITS MOTION TO QUASH SUBPOENA**

I, Sean P. Hayes, declare that I am over twenty-one (21) years of age and am competent to make the following statements based on my personal knowledge:

1.    I am an attorney with the law firm of Fish & Richardson P.C., 919 N. Market Street, Suite 1100, Wilmington, DE 19899-1114, and a member in good standing of the Delaware State Bar. I make this declaration of my own personal knowledge, and if called upon as a witness would competently testify to the facts set forth below.

2.    Fish & Richardson, P.C., represents Third-Party Landis+Gyr, Inc. ("L+G") in connection with the subpoena issued from the United States District Court for the District of Delaware by Plaintiff IP Co., LLC ("IPCO") in its litigation with Defendant Cellnet Technology, Inc. ("CELLNET") (the "underlying litigation").

3.    Attached as Exhibit A is a true and correct copy of a letter from CELLNET's counsel, Noah C. Graubart ("Graubart"), to IPCO's counsel, Antony L. Sanacory ("Sanacory"), dated February 17, 2006.

21249806.doc

4. Attached as Exhibit B is a true and correct copy of a letter from IPCO's counsel, John C. Herman, to CELLNET's counsel, Nagendra Setty, dated February 1, 2006.

5. Attached as Exhibit C is a true and correct copy of a letter from Graubart to Sanacory dated February 9, 2006.

6. Attached as Exhibit D is a true and correct copy of a letter from Sanacory to Graubart dated February 10, 2006.

7. Attached as Exhibit E is a true and correct copy of IPCO's First Set of Requests for Production of Documents to Cellnet dated December 22, 2005.

8. Attached as Exhibit F is a chart comparing the requests served on L+G by *subpoena* and the corresponding Request served on Cellnet.

9. Attached as Exhibit G is a true and correct copy of an email from Sanacory to Graubart dated March 6, 2006.

10. Attached as Exhibit H is a true and correct copy of a letter from Graubart to Sanacory dated March 6, 2006.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 6, 2006.

*/s/ Sean P. Hayes*
Sean P. Hayes (ID No. 4413)

# EXHIBIT A

# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

1230 Peachtree
19th Floor
Atlanta, Georgia
30309

Telephone
404 892-5005

Facsimile
404 892-5002

Web Site
www.fr.com

February 17, 2006

VIA EMAIL

Antony L. Sanacory
Duane Morris LLP
1180 West Peachtree Street, Suite 700
Atlanta, GA 30309-3448
ASanacory@duanemorris.com

ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

Re:   *IP Co. v. Cellnet Technology, Inc.*
      USDC-N.D. Ga. (Atlanta) – Case No. 1:05-CV-2658-CC

Dear Tony:

I write in response to your letter dated February 16, 2006.

As Dan Kent explained in his email to you on February 14, 2006, "[W]e remain interested in exploring resolution of this matter amicably." To that end, Landis+Gyr Inc. ("L+G") appreciates IP Co., LLC's ("IPCO") offer to extend the response deadline for filing L+G's reply brief. Accordingly, I attach a proposed stipulation extending the deadline one week, to February 28, 2006. This extra week should allow us to conference via telephone next week (at a mutually convenient time) in a attempt to resolve this matter.

In furtherance of that discussion, I note that contrary to your letter of February 16, 2006, L+G has explained how all of IPCO's document requests are co-extensive with those served on Cellnet Technology, Inc. ("Cellnet"). Further, although Cellnet has refused certain of IPCO's document requests, all of the subject matter sought from L+G falls within the categories of documents with respect to which Cellnet has not refused production. Specifically:

1. IPCO's Request No. 1 to L+G encompasses documents sought from Cellnet via at least IPCO's Request Nos. 14, 16, and 17 served on Cellnet.

2. IPCO's Request No. 2 to L+G encompasses documents sought from Cellnet via at least IPCO's Request No. 11 served on Cellnet.

3. IPCO's Request No. 3 to L+G encompasses documents sought from Cellnet via at least IPCO's Request Nos. 15 and 16 served on Cellnet.

FISH & RICHARDSON P.C.

Antony L. Sanacory
February 17, 2006
Page 2

4. IPCO's Request No. 4 to L+G encompasses documents sought from Cellnet via at least IPCO's Request Nos. 2 through 9 served on Cellnet.

5. IPCO's Request No. 5 to L+G encompasses documents sought from Cellnet via at least IPCO's Request No. 38 served on Cellnet.

6. IPCO's Request No. 6 to L+G encompasses documents sought from Cellnet via at least IPCO's Request No. 18 served on Cellnet.

7. IPCO's Request No. 7 to L+G encompasses documents sought from Cellnet via at least IPCO's Request No. 18 served on Cellnet.

8. IPCO's Request No. 8 to L+G encompasses documents sought from Cellnet via at least IPCO's Request No. 38 served on Cellnet.

9. IPCO's Request No. 9 to L+G encompasses documents sought from Cellnet via at least IPCO's Request No. 23 served on Cellnet.

10. IPCO's Request No. 10 to L+G encompasses documents sought from Cellne via at least IPCO's Request No. 23 served on Cellnet.

11. IPCO's Request No. 11 to L+G encompasses documents sought from Cellne via at least IPCO's Request No. 16 served on Cellnet.

I look forward to discussing these matters with you next week. Please let us know what would be a convenient time to conference on this issue.

Additionally, please advise whether the enclosed stipulation is acceptable so we ma forward it to our Delaware counsel for filing.

Cordially,

Noah C. Graubart

cc: John Herman, Esq.

12000281.doc

# EXHIBIT B

## DuaneMorris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
LOS ANGELES
CHICAGO
HOUSTON
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
ALLENTOWN
WILMINGTON
HARRISBURG
PRINCETON
LAKE TAHOE

JOHN C. HERMAN
DIRECT DIAL: 404.253.6913
E-MAIL: jcherman@duanemorris.com

www.duanemorris.com

February 1, 2006

VIA FACSIMILE/
CONFIRMATION BY U.S. MAIL

Mr. Nagendra Setty
FISH & RICHARDSON, P.C.
1230 Peachtree Street
19th Floor
Atlanta, Georgia 30309

Re: IP Co., LLC v. Cellnet Technology, Inc.
Civil Action File No. 1:05-CV-2658-CC

Dear Nick:

I write regarding Landis + Gyr's ("L+G") motion in the District of Delaware to quash IPCO's subpoena (the "Motion"). L+G is required under Delaware local rules to attempt to resolve in good faith the issues raised in the Motion, and to certify that such attempt has been made and was unsuccessful. L+G has made no such attempts, and, therefore, we request that L+G withdraw the Motion immediately and comply with these rules.

In the Motion, L+G raises three concerns – location of production, duplication, and protective order – all of which could have been dealt with by a simple phone call. *First*, IPCO is willing to allow L+G to produce the documents in Indiana, at a place and time agreeable to the parties. *Second*, IPCO is willing to discuss limiting its requests in a manner that would limit any burdens on L+G. Moreover, as you are aware since you are also Cellnet's counsel of record, Cellnet currently has taken the position that it will not produce any documents dated after July 23, 2004 and that it will not produce documents and communications with its customers. Therefore, as you are fully aware, L+G's assertions that L+G's productions and Cellnet's productions would be duplicative is simply incorrect because the Subpoena covers the exact types of documents that Cellnet currently refuses to produce, as well as certain other categories of documents. *Finally*, IPCO is willing to enter into an agreement or protective order in an effort to alleviate L+G's confidentiality concerns.

DUANE MORRIS LLP

1180 WEST PEACHTREE STREET, SUITE 700   ATLANTA, GA 30309-3448          PHONE: 404.253.6900   FAX: 404.253.6901
ATL\68835.1

DuaneMorris

Mr. Nagendra Setty
February 1, 2006
Page 2

    L+G's allegations that the Subpoena is simply a litigation tactic could not be further from the truth. Had L+G followed the Delaware local rules or discussed with us in advance the issues raised in the Motion, both you and L+G would know that each of the concerns raised in the Motion can be easily addressed. Accordingly, IPCO requests that L+G withdraw the Motion and contact me at your earliest convenience to discuss the production of documents by L+G. If L+G refuses to do so, IPCO will be forced to contest the Motion and seek all appropriate relief for these improper tactics.

    The response date for the Motion is February 7, 2006. We look forward to a timely response.

Sincerely yours,

John C. Herman

JCH/tac

ATL\68835.1

# EXHIBIT C

# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

1230 Peachtree Street, NE
19th Floor
Atlanta, Georgia
30309

Telephone
404 892-5005

Facsimile
404 892-5002

Web Site
www.fr.com

February 9, 2006

VIA EMAIL

Antony L. Sanacory
Duane Morris LLP
1180 West Peachtree Street, Suite 700
Atlanta, GA 30309-3448
ASanacory@duanemorris.com

Re: IP CO., LLC v. CELLNET TECHNOLOGY, INC.
N.D. Ga. – No. 1:05-CV-2658-CC

Our Ref.: 20280-001LL1

Dear Tony,

I write to confirm the contents of our discussion yesterday regarding IP Co., LLC's ("IPCO") subpoena served on our client, Landis+Gyr, Inc. ("L+G"), which L+G has moved to quash in the U.S. District Court for the District of Delaware.

IPCO agrees that any production of documents by L+G may be made in Indiana. IPCO also agrees that any cost for the copying of said documents will be borne by IPCO.

Furthermore, it is our understanding that upon the execution of a Consent Protective Order between IPCO and Cellnet Technology, Inc. ("Cellnet") governing the handling of confidential information, IPCO will agree to the handling of L+G's documents under the same terms, subject to certain amendments that L+G may wish to make, such as a requirement of notice before any of its confidential information is used in any court filing. Unless and until such an agreement is executed, however, L+G is unable to produce documents requiring a confidentiality designation.

As we discussed, it is L+G's position that most, if not all, of IPCO's requests are duplicative of the requests made to Cellnet in IPCO's First Set of Requests for Documents. Consequently, the documents sought by IPCO from L+G can be acquired directly from Cellnet. Cellnet's efforts to produce documents responsive to IPCO's First Set of Requests for Documents from Cellnet are ongoing. Production of those documents, of course, is subject to the objections noted in Cellnet's Objections and Responses served on January 24, 2006.

FISH & RICHARDSON P.C.

VIA EMAIL
February 9, 2006
Page 2

In light of the foregoing, L+G requests that IPCO confirm in writing that it will forgo its efforts to obtain documents from L+G, until such time as Cellnet has completed its production of documents in response to IPCO's First Set of Requests for Documents. At that point, IPCO will be in a position to narrow or abandon its requests for documents from L+G based on its collection of documents from Cellnet.

In consideration of IPCO's confirmation that it will not seek the production of documents from L+G until Cellnet has completed its production of documents, L+G will withdraw, without prejudice, its motion to quash pending in the District of Delaware. Unless and until we receive such a confirmation, however, L+G will continue to pursue relief from the district court in Delaware.

I look forward to your response.

Cordially,

Noah C. Graubart

12000075.doc

# EXHIBIT D

# DuaneMorris

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
LOS ANGELES
CHICAGO
HOUSTON
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
ALLENTOWN
WILMINGTON
HARRISBURG
PRINCETON
LAKE TAHOE

alsanacory@duanemorris.com
(404) 253-6939
www.duanemorris.com

February 10, 2006

VIA FACSIMILE/
CONFIRMATION BY U.S. MAIL

Mr. Noah Graubart
FISH & RICHARDSON, P.C.
1230 Peachtree Street
19th Floor
Atlanta, Georgia 30309

Re: IP Co., LLC v. Cellnet Technology, Inc.,
    Civil Action File No. 1:05-CV-2658-CC

Dear Noah:

I write in response to your letter dated February 9, 2006 regarding our conversations about the subpoena (the "L+G Subpoena") that IPCO served on Landis + Gyr, Inc. ("L+G"). I believe you have misstated important parts of our conversation, and I write to make certain that there is no confusion. You will recall that L+G raised three issues in its Motion to Quash: location of production, duplication, and protective order. Our discussions on February 8, 2006 were the beginning of the parties' reasonable efforts to resolve these concerns.

As I explained to you on February 8, the starting point in resolving any potential differences between the parties would be for L+G to make a reasonable assessment as to the quantity and nature of documents that would be responsive to the L+G Subpoena, and to determine how many responsive documents, if any, actually would be duplicative of Cellnet's production.[1] It is my understanding from our discussions that L+G has not undertaken this effort. Based on this important fact, the characterization in your letter that we have a complete agreement is not and cannot be inaccurate. Part of our discussions centered on resolving two of L+G's concerns – location of production and protective order – and IPCO offered potential

---

[1] Recall that Cellnet has refused to produce many of the categories of documents that L+G claims to be duplicative. Moreover, in its interrogatory responses, Cellnet has refused to undertake any effort to explain which documents may have been destroyed.

DUANE MORRIS LLP

1180 WEST PEACHTREE STREET, SUITE 700   ATLANTA, GA 30309-3448         PHONE: 404 253 6900   FAX: 404 253 6901
DM1\556298.1

DuaneMorris

Mr. Noah Graubart
February 10, 2006
Page 2

solutions to those concerns. However, with respect to the third concern (duplication), you were not able to explain to me any characteristics of the documents in L+G's possession, whether there was indeed duplication, how many documents there were, and consequently, whether the statements in L+G's Motion to Quash regarding the allegedly burdensome nature of the L+G Subpoena were even accurate. Until that third issue is even understood, we cannot have a final agreement.

IPCO's offer to travel to Indiana is one possible solution to L+G's concerns regarding location of production. However, we cannot even be certain that it would be a reasonable approach until L+G undertakes the effort to actually consider the quantity and nature of responsive documents in its possession. For example, if, after L+G makes a reasonable initial assessment, L+G determines there are only a few boxes of documents that would be responsive, there would be no basis for any of the allegations made in L+G's Motion to Quash (with the possible exception of protective order), and L+G should simply produce the responsive documents rather than force IPCO to send someone up to Indiana to retrieve them.

You also refer to the protective order in your letter. IPCO certainly is willing to enter an agreeable protective order as an option to resolve L+G's concerns, and will certainly consider any reasonable provisions proposed by L+G. However, IPCO will not agree to any protective order or special provisions until we at least have had a chance to review the order and additional provisions. I encourage you to send me the draft provisions as soon as possible.

As L+G has not undertaken the efforts to fully understand the issues before the parties and as those efforts would be a necessary component of any good faith effort to attempt to resolve L+G's concerns, we see no reason for L+G to continue with its Motion to Quash at this time. This is particularly true in light of the facts that pursuing the Motion to Quash creates considerable expenses, and L+G's main concern appears to be that the L+G Subpoena would be burdensome. Moreover, I want to reiterate that L+G has an obligation to withdraw its Motion to Quash because L+G filed that motion prematurely and before making any effort to resolve any of the concerns it raised in its Motion. Therefore, your reference to the word "consideration" in the last full paragraph of your letter is inappropriate, because L+G has an obligation to withdraw that Motion, regardless of consideration.

Finally, I do not believe it is necessary to wait until the completion of fact discovery with Cellnet before L+G takes the initial steps of determining the nature and quantity of possibly responsive documents, and I look forward to continuing our discussions regarding these issues.

DM1\556298.1

DuaneMorris

Mr. Noah Graubart
February 10, 2006
Page 3


Please let me know if one week from today would be a reasonable amount of time to conduct this initial assessment. In the meantime, please contact me immediately to confirm whether L+G will withdraw its Motion to Quash. The current response date is February 14, 2006, so I would appreciate your prompt response.

Sincerely,

*Antony L. Sanacory*

Antony L. Sanacory

ALS/tac

cc:   Mr. Matthew Gaudet
      Mr. John Herman
      Mr. Michael Jones

DM1\556298.1